**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ERIC A. QUALLS,                                    : Case No. 2:23-cv-3889
                                                   :
        Plaintiff,                                 :
                                                   :
vs.                                                : District Judge Edmund A. Sargus, Jr.
                                                   : Magistrate Judge Elizabeth P. Deavers
FRED W. CROW, III, et al.,                         :
                                                   : **ORDER AND REPORT**
        Defendants.                                : **AND RECOMMENDATION**
                                                   :

        Plaintiff, a prisoner at the Chillicothe Correctional Institution, has filed a pro se civil

rights complaint in this Court pursuant to 42 U.S.C. § 1983.

        By separate Order plaintiff has been granted leave to proceed *in forma pauperis.*  This

matter is before the Court for a *sua sponte* review of the complaint to determine whether the

complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to

state a claim upon which relief may be granted or seeks monetary relief from a defendant who

is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §

1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

        Also before the Court is plaintiff's motion to appoint counsel.  (Doc. 2).

**Motion to Appoint Counsel**

        With respect to plaintiff's motion to appoint counsel, the law does not require the

appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992

F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate

lawyers who might agree to represent those plaintiffs.  The appointment of counsel in a civil

proceeding is not a constitutional right and is justified only by exceptional circumstances.  *Id.* at

605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not

enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion to appoint counsel (Doc. 2) is **DENIED**.

### Screening of Plaintiff's Complaint

#### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the

defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B. Allegations in the Complaint

Plaintiff brings this action in connection with his 2002 state court criminal proceedings in the Meigs County, Ohio Court of Common Pleas. (*See* Doc. 1, Complaint at PageID 10). Plaintiff claims that on August 15, 2002, he appeared before defendant judges Fred W. Crow III, Dan W. Favreau, and Richard Walton. According to plaintiff, these defendants conspired with plaintiff's court appointed defense attorneys—defendants Robert Toy and William M. Eachus—and defendant prosecutor James Stanley to deprive him of his civil and constitutional rights. Plaintiff asserts that defendants conspired "with the purpose to sell the Plaintiff to the Ohio Department of Corrections for federal funds by imposing a sentence upon Plaintiff verbally expressing a guilty plea, but accepting a plea of guilty from his court appointed counsel who acted without his consent." (*Id.*). Plaintiff maintains that his guilty plea was involuntary, noting that he was on forced medication at the time. Plaintiff also claims defendant judge Evans conspired against him by denying his March 10, 2022 delayed motion for a new trial. *See infra* n.2.

Plaintiff further alleges that defendant appellate judge Michael Hess, as well as the Meigs County clerk of court, Samantha Murage, also conspired against him in connection with an appeal of the denial of a motion for new trial and to withdraw his guilty plea. (*See id.* at PageID 5).

4

Plaintiff seeks to hold these defendants liable based on the unavailability or destruction of trial court records and the failure to transmit records to the Ohio Court of Appeals. (*Id.* at PageID 10-11). According to plaintiff, "initially the Court reporter stated that a copy of the trial court proceedings were transmitted over to the Appellate Court for appellate review, as now plaintiff had filed an Appeal, a few weeks later the court reporte[r] turned around and stated that there was no transcripts to be found of the proceedings." (*Id.* at PageID 5. *See also id.* at PageID 11).[2] Plaintiff indicates that he attempted to file a statement of the evidence or proceeding, which was denied. Plaintiff alleges that defendants Murage and Hess conspired "in furtherance of the conspiracy developed on the trial court," alleging that the "various public officials conspired with one another to reach an unjust result to injure Plaintiff by taking away his liberty, and maintaining such lost by concealing the truth from the public." (*Id.* at PageID 8, 10). The complaint also

---

[2] Review of the Meigs County online docket records reveals that on March 10, 2022, approximately twenty years after his guilty plea, plaintiff filed a delayed motion for a new trial and motion to withdraw his guilty plea, which were denied by defendant judge Evans. On April 15, 2022, plaintiff filed a notice of appeal to the Ohio Court of Appeals. Although the April 25, 2022 notice of transmission of record stated that the record included a transcript of proceedings, on August 24, 2022, an amended notice of transmission of record and notice of unavailability of transcript was entered indicating that the transcript for his change of plea hearing was unavailable. Plaintiff filed a motion to enter and certify an agreed statement of the case and facts in the trial court, which was denied on September 29, 2022, based on plaintiff's failure to comply with Ohio App. R. 9(D)'s requirement that an agreed statement be submitted by the parties to the action. On May 1, 2023, plaintiff's appeal was dismissed for failure to comply with an order to file an appellate brief.

Plaintiff also filed a motion for reconsideration of the trial court's denial of his motion to enter and certify an agreed statement of facts, which was denied. Plaintiff appealed the decision to the Ohio Court of Appeals and Ohio Supreme Court.

Viewed at https://meigseaccess.com/ under Case Nos. 02-CR-020, 22-CA-5, 22-CA-11. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

includes allegations that defendants violated numerous Ohio criminal statutes.  (*Id.* at PageID 5-6).

As relief, plaintiff seeks monetary damages and undisclosed "injunctive relief."  (*See id.* at PageID 11, 12).

### C.  Analysis

This action should be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, to the extent that plaintiff claims his guilty plea was involuntary or otherwise challenges his state court criminal conviction and seeks a new trial or release, his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that plaintiff seeks money damages based on his allegedly unconstitutional guilty plea and conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  A judgment in plaintiff's favor on claims stemming from plaintiff's state criminal proceedings and the imposition of his sentence would necessarily imply that his guilty plea is invalid.  *See id.*, 512 U.S. at 487.  Because plaintiff has not alleged facts indicating that his sentence has been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

In any event, plaintiff's claims stemming from his 2002 alleged involuntary guilty plea are time-barred.  Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily

injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).

Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired). Here, it is clear from the face of the complaint that any claim based on his 2002 guilty plea is time-barred. As noted above, plaintiff claims that defendants Crow, Favreau, Walton, Toy, and Eachus entered a guilty plea on plaintiff's behalf without his consent. (*See* Doc. 1 at PageID 10, 12). Plaintiff did not file the instant complaint until November 20, 2023, long after the limitations period expired with respect to his guilty plea. Therefore, plaintiff's claims based on his 2002 guilty plea should be dismissed.

The complaint should otherwise be dismissed against defendant judges Crow, Favreau, Walton, Evans, and Hess. Judges are afforded absolute immunity for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability

even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.  *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).  *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985).  Plaintiff's complaint includes no facts to plausibly suggest that the defendant judges presided over matters without subject matter jurisdiction or performed non-judicial acts.

The complaint should also be dismissed as to defendant Murage, the Meigs County, Ohio clerk of court.  "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).  "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  Plaintiff in this case seeks to hold Murage liable in connection with transmitting court records in connection with plaintiff's appeal, an action for which defendant is entitled to quasi-judicial immunity.  *See Ayers v. Reynolds*, 60 F.3d 830, 1995 WL 386435, at * (8th Cir. 1995) (finding the court clerk entitled to quasi-judicial immunity for her failure to transmit the certified record, noting that "[f]iling court orders and preparing and transmitting the certified record are functions closely associated with the judicial process"); *Hargis v. Jones*, 986 F.2d 1421, 1993 WL 24146, at *1 (6th Cir. 1993) (finding a clerk of court to be entitled to quasi-judicial immunity in connection with the alleged loss of state court criminal trial transcripts and that allegation that defendant "lied to the courts about his trial records").  *See also Yarbrough v. Garrett*, 579 F.Supp.2d 856, 860 (E.D. Mich. 2008) (finding that "mailing transcripts to indigent prisoners so that they can appeal their convictions is a 'truly judicial act'" in dismissing an access-to-courts

claim based on the defendant clerk's alleged failure to provide transcripts for appeal) (quoting *Bush*, 38 F.3d at 847)); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (finding that a claim against court clerks who failed to provide the plaintiff with copies of previous filings and transcripts properly dismissed on the basis of quasi-judicial immunity).

In any event, plaintiff seeks to hold defendant Murage liable for conspiring with the other defendants to deny him access to the courts. (*See* Doc. 1-1, Complaint at PageID 10-11). However, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). In this case the complaint includes no factual allegations to plausibly suggest that the named defendants—the judges, prosecutors, clerk of court, and defense attorneys involved in his criminal case from 2002 until present—shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right.[3] Accordingly, the complaint should be dismissed against defendant Murage.

---

[3] Plaintiff has failed to demonstrate that the unavailability of trial court records deprived him of access to the courts or otherwise violated his constitutional rights. In order to state a claim for relief regarding access to the courts, the plaintiff must demonstrate that he has suffered actual injury as a result of the alleged denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). In this case, as noted above, *see supra* n.2, the state court docket records indicate that plaintiff appealed from the trial court's decision denying his motion to withdraw his guilty plea and delayed motion for new trial. Plaintiff's appeal was dismissed due to his failure to file an appellate brief, not based on the unavailability of transcripts. Plaintiff otherwise fails to allege—other than in conclusory terms—any facts to plausibly suggest that defendant Murage violated his constitutional rights. *See Iqbal*, 556 U.S. at 678.

Defendant prosecutor Stanley is also immune from suit.  "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial.  *Imbler*, 424 U.S. at 431.  Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously."  *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).  Because plaintiff seeks to hold the defendant prosecutor liable based on conduct intimately associated with the judicial phase of the criminal process, his claims against this defendant is subject to dismissal.

In addition, plaintiff's complaint fails to state a claim for relief under § 1983 against defendants Robert Toy and William M. Eachus, his defense attorneys in his state criminal case, because they are not state actors.  In order to maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  As lawyers representing a client, defendants were not state actors within the meaning of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers).

Finally, as noted above, plaintiff alleges that defendants violated several Ohio criminal statutes in the course of the alleged conspiracy.  (*See* Doc. 1-1, Complaint at PageID 6-7 (alleging

violations of Ohio Rev. Code §§ 2921.45(A), 2921.03(A), 2921.04(B), 2921.12(A)(1), 2923.03(A)(2), 2921.44(A) (B) and (E), 2921.21, 2921.22(A)(1), and 2923.32)).  To the extent that plaintiff  seeks for criminal charges to be brought against defendants, plaintiff does not have a constitutionally protected interest in the prosecution of others.  Thus, the Court does not have the power to direct that criminal charges be filed against anyone.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Plaintiff "cannot utilize this civil lawsuit as a vehicle to initiate any federal or . . .  state criminal charges."  *Theriot v. Woods*, No.2:09-cv-199, 2010 WL 623684, at *13 (W.D. Mich. Feb. 18, 2010) (and cases cited therein).

Accordingly, in sum, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1.  The plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED**.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to,

11

and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:   December 18, 2023                         s/ *Elizabeth A. Preston Deavers*
                                                  Elizabeth A. Preston Deavers
                                                  United States Magistrate Judge