UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC A. QUALLS,

      Plaintiff,

v.

FRED W. CROW, III, *et al.*,

      Defendants.

Case No. 2:23-cv-3889
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

**ORDER**

Plaintiff, Eric Qualls, a prisoner at the Chillicothe Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983. (Complaint, ECF No. 1-1.) Plaintiff alleges that Defendants violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution by actions taken at the time of and after his 2002 plea of guilty to one or more criminal charges[1] in the Meigs County, Ohio, Court of Common Pleas. (*Id.*, PageID #10–12.) He is proceeding without counsel. Plaintiff moved this Court for leave to proceed *in forma pauperis* (ECF No. 1), and the Court approved his motion (ECF No. 4). He also moved the Court to appoint counsel. (ECF No. 2). Defendants named in this action are former judges of the Meigs County Court of Common Pleas (Fred W. Crow III, Dan W. Favreau, Richard Walton, and Dean Evans), a judge of the Ohio Fourth District Court of Appeals (Michael D. Hess), the Meigs County Clerk of Courts (Samantha Mugrage), the Meigs County Prosecuting Attorney (James Stanley), and Plaintiff's court-appointed defense attorneys (Robert Toy and William M. Eachus).

This matter is now before this Court on the Order and Report and Recommendation ("R&R") issued by the Magistrate Judge. (Order and R&R, ECF No. 6.) In her Order and R&R,

---

[1] Plaintiff does not identify the offense[s] to which he plead guilty, and those offenses are not apparent from the online docket of the Meigs County Court of Common Pleas.

1

the Magistrate Judge first denied Plaintiff's Motion to Appoint Counsel (*Id.*, PageID #55–56.) She then *sua sponte* assessed the Complaint to determine whether it should be dismissed as frivolous, malicious, or otherwise failing to state a claim upon which relief may be granted, pursuant to the Prison Litigation Reform Act of 1995. (*Id.*; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.) The Magistrate Judge recommended that this Court dismiss all Plaintiff's claims against all Defendants on various grounds and that this Court deny Plaintiff leave to appeal *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(3). (Order and R&R, PageID #65.)

The Magistrate Judge made the following conclusions of law. First, to the extent Plaintiff challenges his criminal convictions in state court and seeks a new trial or release, "his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254." (*Id.*, PageID #60 (citing *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).) Second, Plaintiff's claims for money damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*) Third, Plaintiff's claims stemming from his alleged involuntary guilty plea in 2002 are time-barred by Ohio's two-year statute of limitations for personal injury claims under R.C. § 2305.10. (*Id.*, PageID #60–61.) Fourth, Plaintiff's claims against Judges Crow, Favreau, Walton, Evans, and Hess and against Ms. Mugrage are precluded by those Defendants' absolute immunity. (*Id.*, PageID #61–62.) Fourth, Plaintiff's conspiracy claims against Defendants were not pled with sufficient specificity. (*Id.*, PageID #63.) Fifth, Plaintiff's claims against the prosecutor, Mr. Stanley, are also precluded by his absolute immunity. (*Id.*, PageID #64.) Sixth, Plaintiff failed to sufficiently plead his § 1983 claims against his defense attorneys, Mr. Toy and Mr. Eachus, because they were not state actors. (*Id.*). Finally, the Court lacks power to direct criminal charges regarding Plaintiff's accusations that Defendants committed various criminal offenses. (*Id.*, PageID #65.)

2

Plaintiff timely objected to the Order and R&R. (Objections, ECF No. 8.) When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(c).

After a *de novo* review, this Court agrees with and adopts the Magistrate Judge's Order and R&R. This Order addresses Plaintiff's objections in turn.

1. **Objection to *Heck* Bar**

Plaintiff first argues that his case is distinguishable from *Heck v. Humphrey* because he does not challenge his guilt and instead claims he was denied access to courts and his right to petition the government. (Objections, PageID #68.) He also contends the Magistrate Judge improperly recharacterized the nature of his challenges. (*Id.*, PageID #69–70.)

In *Heck*, the U.S. Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87. Here, Plaintiff challenges the validity of his state criminal case proceedings both in the trial court and on direct appeal. (Complaint, PageID #10.) He claims Defendants' "actions were committed as part of an enterprise to profit politically through the Plaintiff's incarceration" and argues his counsel announced his guilty plea "without his consent." (*Id.*) Further, he claims Ms. Mugrage "destroy[ed]" trial transcripts and courtroom audio files,

3

harming his direct appeal and violating state law. (*Id.*, PageID #11.) These are challenges to the lawfulness of his conviction, and Plaintiff has not shown that his conviction has been reversed, expunged, declared invalid, or otherwise questioned. Thus, his claims for money damages under § 1983 are barred by *Heck*. *See* 512 U.S. at 486–87.

2.  **Objection to Absolute Immunity**

Second, Plaintiff objects to the Magistrate Judge's determination that the clerk of courts, Ms. Mugrage, is entitled to absolute immunity regarding Plaintiff's claim that she destroyed his trial transcripts. (Objections, PageID #71–72.) He does not directly challenge the determination that the defendant judges are entitled to absolute immunity. Plaintiff argues Ms. Mugrage was not acting in a judicial or quasi-judicial capacity when she allegedly destroyed his transcripts, and thus she is not entitled to absolute immunity. (*Id.*, PageID #72.) But all the case law he cites to support his argument comes from Ohio state courts, not federal courts. Federal courts have determined that the transmittal and keeping of court records are quasi-judicial functions for which clerks of court are entitled to absolute immunity. (*See* Order and R&R, PageID #62–63 (collecting cases).)

Regardless, as the Magistrate Judge determined, Plaintiff failed to demonstrate that the unavailability of trial court records caused him an injury and violated his constitutional rights. (*Id.*, PageID #63.) In his state criminal proceeding, Plaintiff appealed the trial court's decision denying his motion to withdraw his guilty plea and his delayed motion for a new trial. (*Id.*) That appeal was dismissed due to his failure to file an appellate brief, and Plaintiff does not argue that his failure to file was related to the unavailability of trial transcripts. (*See id.*)

3.  **Objection to Statute of Limitations**

Third, Plaintiff challenges the conclusion that his claims stemming from his allegedly involuntary guilty plea are time-barred. The Magistrate Judge correctly determined that civil rights

4

claims under § 1983 arising in Ohio are governed by Ohio's statute of limitations for bodily injury claims, which is two years after accrual. (Order and R&R, PageID #60–61; *see* Ohio Rev. Code § 2305.10.) Plaintiff plead guilty in 2002 and filed the present Complaint in November 2023, well beyond the limitations period. Plaintiff argues that the continuing violation doctrine applies as an exception to the statute of limitations, but he does not allege what the continuing violations were or how that doctrine otherwise applies to his case. (Objections, PageID #75–76.) Plaintiff ultimately fails to articulate how the Magistrate Judge erred in her analysis or conclusion.

**4.  Objection Regarding Evidentiary Hearing**

Plaintiff's fourth objection is difficult to understand. It appears he argues that the Magistrate Judge erred by concluding that his money damages claims were barred by *Heck* because he requested an alternative to money damages, namely "an evidentiary hearing" as opposed to "money for damages." (Objections, PageID #76–77.) Plaintiff did request an evidentiary hearing regarding the denial of his motion for leave to file a delayed motion for new trial. (Complaint, PageID #11–12.) But he does not identify any authority suggesting he had a right to such a hearing. (*Id.*; Objections, PageID #76–77.) And he does not challenge the Magistrate Judge's conclusion that he failed to plead "facts to plausibly suggest that the defendant judges presided over matters without subject matter jurisdiction or performed non-judicial acts." (Order and R&R, PageID #62.) Upon its independent review, this Court agrees that Plaintiff failed to plead those necessary facts.

**5.  Objection Regarding Defendant's Lawyers**

Finally, Plaintiff objects to the conclusion that he failed to state a claim for relief under § 1983 regarding his defense attorneys, Mr. Toy and Mr. Eachus. He argues his defense attorneys were state actors and were part of a conspiracy with other state actors to deprive him of his constitutional rights. (Objections, PageID #77.) But he does not counter the case law cited in the

5

Order and R&R demonstrating that defense attorneys, including public defenders, representing their clients do not act under the color of state law for the purposes of § 1983. (Order and R&R, PageID #64. Accordingly, Plaintiff's objection is not well-taken.

## CONCLUSION

After this Court's *de novo* review of the record, Plaintiff's Objections (ECF No. 8) are **OVERRULED**. The Magistrate Judge's Order and Report and Recommendation (ECF No. 6) is **ADOPTED** and **AFFIRMED**. All of Plaintiff's claims, including those for monetary damages against Defendants and those for injunctive relief, are **DISMISSED**. Pursuant to 28 U.S.C. § 1915(a)(3), this court **CERTIFIES** that any appeal of this Order would not be taken in good faith, and Plaintiff is therefore denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997). The Clerk is **DIRECTED** to enter judgment and terminate this case from the Court's docket.

    **IT IS SO ORDERED.**

**10/29/2024**                                     s/Edmund A. Sargus, Jr.
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**