UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIC A. QUALLS,**

    **Plaintiff,**

v.                        Case Number 2:23-cv-3889
                                        Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Elizabeth P. Deavers

**FRED W. CROW, III,** *et al.*,

    **Defendants.**

## ORDER

The matter before the Court is Plaintiff Eric A. Qualls's Motion for Reconsideration of 11/25/25 [sic] Order. (ECF No. 17.)

In October 2024, this Court issued an Order dismissing all of Mr. Qualls's claims against Defendants after a *de novo* review of the record. (ECF No. 10, PageID 89.) Additionally, under 28 U.S.C. § 1915(a)(3), the Court certified that an appeal of its Order would not be taken in good faith and denied Plaintiff leave to appeal *in forma pauperis*. (*Id.*)

Nonetheless, Mr. Qualls subsequently filed a Motion for Leave to Appeal *in forma pauperis* (ECF No. 13) and a Motion for Certificate of Appealability under 28 U.S.C. § 2253 (ECF No. 14). On November 25, 2024, this Court denied the Motion for Leave to Appeal *in forma pauperis* because it had previously certified that an appeal would not be taken in good faith. (ECF No. 16, PageID 119.) The Court also denied the Motion for Certificate of Appealability because a Certificate of Appealability applies to habeas corpus proceedings, and Mr. Qualls's action was brought under 42 U.S.C. § 1983, not habeas corpus. (*Id.*)

Mr. Qualls also filed the same motions, seeking *in forma pauperis* status and a Certificate of Appealability, with the Sixth Circuit Court of Appeals. (ECF No. 18, PageID 129.) In May

2025, the Sixth Circuit issued an Order denying the motions. (*Id.* PageID 132.) First, the Sixth Circuit found that Mr. Qualls "lacks an arguable basis for challenging the district court's dismissal of his complaint" and denied his request to appeal *in forma pauperis*. (*Id.* PageID 130–32.) The Sixth Circuit's Order stated, "Unless Qualls pays the $605 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution." (*Id.* PageID 132.) Second, the Sixth Circuit denied Mr. Qualls's request for a Certificate of Appealability as unnecessary because "a certificate of appealability is not required for an appeal from the dismissal of a civil complaint." (*Id.*)

The matter before the Court now is Mr. Qualls's Motion for Reconsideration of this Court's November 2024 Order that denied Mr. Qualls's motions to appeal *in forma pauperis* and for a Certificate of Appealability (ECF No. 16). (ECF No. 17) Mr. Qualls's Motion for Reconsideration only addresses the denial of a Certificate of Appealability. (*Id.* PageID 122–23.)

Mr. Qualls's Motion is moot. The Sixth Circuit has issued an Order regarding Mr. Qualls's ability to appeal (ECF No. 18) and this Court reconsidering its November 2025 Order would not change that outcome. As the Sixth Circuit stated, a Certificate of Appealability is not necessary in this case; and Mr. Qualls was able to proceed with his appeal if he paid the appropriate filing fee. (*Id.* PageID 132.) Accordingly, (ECF No. 17) Plaintiff's Motion for Reconsideration is **DENIED as moot**.

This case remains closed.

**IT IS SO ORDERED**.

**1/15/2026**                           s/Edmund A. Sargus, Jr.
**DATE**                                **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**